THE STATE, *ex rel.* JOHN S. GANZHORN, Appellant, *v.* WAL-
TER C. CARR, Auditor, etc., Respondent.

#### March 21, 1876.

Under the city charter of 1870, an ordinance which had passed the council'
and been presented to the mayor for approval, but neither approved· by·
him nor returned, did not become a law when the council adjourned *sine
die* before the expiration of the ten days allowed by law for the return of.
such ordinance by the mayor.

APPEAL from St. Louis Criminal Court.
*Affirmed.*

*H. B. Lighthizer*, for appellant, cited : 1 Story on Con.,.
sec. 891 ; Pike *v.* Megouin, 44 Mo. 491, 499.

*Leverett Bell*, for respondent, cited : Fowler *v.* Pierce, 2:
Cal. 172 ; People *v.* Hatch, 19 Ill. 283.

BAKEWELL, J., delivered the opinion of the court.

The petition in this cause alleges that, on March 22, 1870,.
ordinance 440 was passed by the city council, and was·
signed by the president of that body and forwarded to the·
mayor for his approval ; and that the council adjourned
within ten days after the passage of said ordinance, and the·
mayor neither approved nor returned said ordinance, but
that the same became a law under the provisions of Article·
3 of the charter of the city of St. Louis, approved March 4,.
1870, and that said ordinance 440 directed the auditor to·
draw his warrant on the treasurer, in favor of the relator,.
for the amount of $5,108.91. The petition prays that a.
writ of *mandamus* issue, commanding respondent, Walter·
C. Carr, auditor of said city, to audit and allow said claim,.
and to issue a warrant in favor of plaintiff's relator for that.
sum.

The respondent, in his return to the writ, denies that any
ordinance, authorizing him to audit the claim of relator,.
had been passed so as to become a valid ordinance under
the charter of the city. To this return relator replies that

ordinance 440 became a law because the council adjourned within ten days after its passage, and the mayor neither approved the same nor returned it to the council with his disapproval.

Upon motion of respondent, the reply was stricken out, and, relator declining to plead further, there was a final judgment of dismissal, from which the relator appealed to general term, where the judgment being affirmed, he appeals to this court.

The question presented on the record for the determination of this court is whether, under the charter of the city of St. Louis of March 4, 1870, an ordinance which had passed the council and been presented to the mayor for his approval, but not approved by the mayor, nor returned with his objections to the council, becomes a law when the council adjourns without a day before the expiration of ten days from the date of such presentation to the mayor.

Section 2 of Article 3 of the charter of March 4, 1870, is in these words : " Every ordinance, before it shall become a law, must be signed by the president of the city council and presented to the mayor for his approval ; if he approves the bill, he shall sign it ; if not, he shall return it, with his objections, to the city council, which objections shall be entered at large upon the journal, and the bill be reconsidered ; after such reconsideration, the yeas and nays shall be called and recorded, and, if two-thirds of all members elected to the city council shall vote for the bill, it shall become a law ; but if any bill shall not be returned by the mayor within ten days (Sundays excepted) after it shall have been presented to him for his approbation, the same shall become a law in the same manner as if he had approved and signed it."

This question presents some difficulty after all is said that can be said upon it. Either of the two possible views of it will be found so supported by reason that a resolution of the doubt completely satisfactory, in the sense that it

will carry conviction to every unprejudiced mind, cannot, perhaps, be hoped.

No such question can arise under the existing charter of the city of St. Louis, for the Legislature, by an amendatory act, approved March 18, 1875, has provided that, if the council by adjournment prevent the return of the bill within ten days, it shall not be a law.

The Constitution of the United States provides (Art. 1, sec. 7) that: "If any bill shall not be returned by the President within ten days (Sundays excepted) after it shall have been presented to him, it shall be a law in like manner as if he had signed it, unless Congress by their adjournment prevent its return, in which case it shall not be a law."

Judge Story (Com. 1, sec. 891), commenting on this clause of the Constitution, says that, but for the express prohibition, Congress, by adjournment before the expiration of the ten days, could deprive the President of his veto. He, therefore, is an authority for saying that the true interpretation of the clause in the charter now under consideration is that, where an adjournment takes place before the expiration of the ten days, without a return of the ordinance, it becomes a law. Had the question before Judge Story been a practical one, we should be disposed to give the very greatest weight to the authority of this great name. But Judge Story is speaking of a mere hypothesis, which probably did not occur to him as likely to become a fact, and it is to be presumed, therefore, that he gave to the matter no very grave consideration. His view as to what might have been the consequence had the concluding clause of this section been omitted is interesting, and would be in the highest degree important had he been called upon, as we are, to interpret an existing law, to determine the rights and duties of individuals, or, in any degree, to establish a rule of conduct. Unfortunately for the decision of this controversy, that was not the case;

and the remark of Story is, aside from his main purpose,. the *dictum* of a writer of a treatise—a *dictum* which he himself, probably, would have been the last to wish to see invoked as decisive of a question of practical importance.

It is argued that the fact of the recent amendment, to which we have referred above, should be taken as a legislative interpretation of the law, and a declaration that as it stood originally, without the added clause, an ordinance not returned within ten days became a law by the adjournment of the council. But, independently of the fact that the views of the Legislature as to the meaning of an existing law are no aid to its judicial interpretation; this is an argument that may be invoked by either side.

It may be said that the Legislature had no intention, by this amendment, to change the law, but merely to settle its meaning in the sense in which it had always been practically understood and acted upon, and to make that clear which had been ambiguous before.

It is plain that the mayor is not the mere executive officer of the city; he has, under the charter, a certain real participation in the making of its laws. He is to have ten days within which to deliberate whether he will approve an ordinance or not.

If he returns it with his veto and his reasons, it may still be passed, after reconsideration, and by an increased vote; if he retains it beyond ten days, without communicating in regard to it with the legislative department proper of the city government, it becomes a law, and he cannot, therefore, defeat the will of the majority of the council by mere inaction. But why should the council have the power to deprive him of the time of deliberation given him by the charter, and to pass a law without his concurrence, and perhaps against his will, by a bare majority, merely because the law is introduced towards the close of the session?

We can see no good reason for such a rule, and we do not believe that such was the meaning of the act.

. It is true the law says in express terms that "if any bill be not returned by the mayor, within ten days after it shall have been presented to him for his approbation, it shall become a law," but it is thought that those ten days must be days during which the council is in session, so as to make it possible to return the bill—the power of the mayor to act, either favorably or adversely to the bill, being taken away by the adjournment of the council. This adjournment of the council was its own voluntary act. The . mayor could not control it, and if the fact of its adjournment causes the enactment of all ordinances then pending before the mayor and awaiting his sanction or veto, then it was in the power of the council to pass all such ordinances, not only without the coöperation of the mayor, but in spite of his opposition, and that without a two-thirds vote, and without having brought before it the grave reasons which the experience of the chief magistrate of the city might have suggested against any particular measure thus inconsiderately passed.

: The evils of hasty legislation are apparent, and the courts will be unwilling, by construction, to sanction these evils or add to the opportunities for their recurrence. If the Legislature meant to give to the city council a power to pass laws introduced nine days before adjournment, which it did not possess as to any bills introduced at an earlier period of the session, it would probably have said so in express terms. There seems to be no good reason for such a variation from the principle that the concurrence of the mayor, or a consideration of his reasons for his non-concurrence, followed by a vote of two-thirds of the council, should be necessary to the passage of an ordinance.

. Many reasons suggest themselves at once against any such arbitrary diminution of the sanctions confessedly requisite for the validity of all enactments passed before the closing days of the session.

So far as we know, all express legislation on the subject

sanctions the rule that the approval of the chief magistrate, president, governor, or mayor, as the case may be, is essential to every law not reconsidered and passed by a renewed and increased vote over his veto. And though the law, as it stood when the ordinance before us was passed, in express words declared that a bill not returned in ten days shall become a law, and contained no express provision as to the effect of an adjournment before the expiration of the time given to the mayor for deliberation, we think that the ten days meant are days during which the council is in session, and that the law as it now reads, and the law in force on March 23, 1870, were intended to have the same effect. We think that the ordinance, having been in the hands of the mayor, unapproved, for less than ten days, expired with the session of the council, and did not fall within the provision that any bill not returned within ten days shall become a law.

The judgment of the Circuit Court is affirmed. The other judges concur.